UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOYCE DYER,<br><br>                Plaintiff,<br><br>    v.<br><br>JOHN DOE, *et al*,<br><br>                Defendants. | Case No.  C05-5064FDB<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for April 29, 2005 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $150.00 or file a proper application to proceed *in forma pauperis*.  Because plaintiff has failed to respond to the court's order to show cause, the undersigned recommends the court deny her application.

## DISCUSSION

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).  Several district courts have ruled that denial of *in forma pauperis* status is not

REPORT AND RECOMMENDATION
Page - 1

unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit. See Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

On January 25, 2005, the clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1). On January 27, 2005, the clerk sent plaintiff a letter stating she must either pay the full $150.00 filing fee or file an application to proceed *in forma pauperis*. (Dkt. #3). That letter also informed plaintiff that the copy of the complaint she filed was incomplete. On February 14, 2005, the court ordered plaintiff to cure these deficiencies by no later than March 16, 2005, or show cause why this matter should not be dismissed. (Dkt. #6). To date, however, plaintiff has not responded to the court's order to show cause.

## CONCLUSION

Because plaintiff has failed to respond to the court's order to show cause regarding her deficient application to proceed *in forma pauperis*, the undersigned recommends the court deny that application. Accordingly, the undersigned also recommends the court dismiss plaintiff's complaint unless she pays the required $150.00 filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **April 29, 2005**, as noted in the caption.

Dated this 4th day of April, 2005.

/s/ Karen L. Strombom
KAREN L. STROMBOM
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2